**Justo MATIAS–MARTIN, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

**No. 04–73000.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 24, 2005.

Kaaren L. Barr, Esq., Seattle, WA, pro se.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Hillel Smith, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM ***

Justo Matias–Martin petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's denial of asylum because Matias–Martin does not demonstrate that his experiences in Guatemala amount to past persecution or well-founded fear of future persecution on account of political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Sangha v. INS*, 103 F.3d 1482, 1488–89 (9th Cir. 1997). Additionally, we agree with the IJ that Matias–Martin faces a significantly diminished chance of harm if he returns to

Guatemala because the government and the guerrillas have agreed to peace accords. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003).

Because Matias–Martin has failed to establish eligibility for asylum, he has failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence also supports the denial of relief under the CAT because Matias–Martin did not establish that it is more likely than not that he would be tortured if he returned to Guatemala. *See Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

